[Crim. No. 574.   First Appellate District.—April 30, 1915.]

## THE PEOPLE, Respondent. v. JOHN SOULEOTES, Appellant.

CRIMINAL LAW—COMMISSION OF LEWD ACT WITH CHILD—SUFFICIENCY OF EVIDENCE.—In this prosecution for the commission of a lewd and lascivious act with a child thirteen years of age, it is held that while the story told by the girl contained certain elements of improbability, it cannot be said that the story as a whole is so inherently improbable as to require the setting aside of the verdict upon the ground that it must have been rendered under the influence of passion or prejudice.

ID.—EVIDENCE—ILLICIT RELATIONSHIP OF MOTHER OF PROSECUTRIX WITH DEFENDANT.—Where the mother of the child testified upon her direct examination that her daughter had admitted to her that the defendant had never tampered with her, it is proper to question the mother on cross-examination, for the purpose of showing her interest in the defendant, as to illicit relations which she herself had with the defendant on a number of occasions.

ID.—IMPROPER QUESTION BY DISTRICT ATTORNEY—FAILURE TO ASSIGN AS MISCONDUCT.—The defendant cannot be heard to complain of the alleged misconduct of the district attorney in asking the mother of the prosecutrix if she is not proud in taking sides with the defendant, where the asking of the question is not assigned as misconduct at the trial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a motion for a new trial.   William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Albert L. Johnson, and F. J. Schuhl, for Appellant.

U. S. Webb, Attorney-General, and Frank L. Guerena, Deputy Attorney-General, for Respondent.

THE COURT.—The defendant was informed against for committing a lewd and lascivious act with a child thirteen years of age.   He was found guilty, and sentenced to fifteen years in the state prison.   This appeal is taken from the judgment and from an order denying defendant's motion for a new trial.

The prosecutrix and the defendant lived on the same floor in a hotel on Third Street in San Francisco. According to her testimony the defendant on December 20, 1913, at about 4 o'clock in the afternoon, came into the kitchen of a three-room suite, in which she lived with her parents, and asked her to go outside in the hall with him. Arriving there, and while near the kitchen door and also near the door of his own room, he raised the child's clothes and committed the act complained of. Neither the father nor mother was present when the defendant invited the child to go into the hallway with him. She testified that while she resented the defendant's conduct she made no outcry because he asked her not to do so, and that she was not afraid of him. The hallway was dimly lighted. She did not report the incident to her parents, and never in fact told any one about it until about nine months later, when, upon request, she told the whole story to detectives of the San Francisco police department.

While we are satisfied that the act charged did not occur exactly as narrated—in the daytime, in the hallway of a big hotel, between two rooms to which the defendant had access, and in either of which the act could have been performed with some security against discovery; and while we feel that the story told by the girl does contain certain elements of improbability, which were doubtless argued to and considered by the jury, still we are not prepared to say that the story as a whole is so inherently improbable as to require the setting aside of the verdict upon the ground that it must have been rendered under the influence of passion or prejudice.

We find no error in the rulings of the court on the cross-examination of the mother of the prosecutrix. She was the only witness called for the defendant; and she testified on direct examination that her daughter had admitted to her, after the information against the defendant had been filed, that the defendant had never tampered with her. On cross-examination she denied that she was friendly with the defendant; but later, in answer to several questions over objection, she admitted that she was intimate with the defendant, and had had on a number of occasions sexual intercourse with him. Such questions were plainly proper as tending to show her interest in the defendant, and thereby affecting her credibility as a witness.

27 Cal. App.—19

The district attorney also asked the witness this question: "You are proud of it, are you? In other words, you also took sides with him when he was prosecuted for committing rape upon your other daughter?" The objection to this question was sustained. As the asking of it was not assigned as misconduct, defendant cannot now be heard to complain, even if it be conceded that the question was improper.

The judgment and order are affirmed.